# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ADRIAN AYERS, | ) Case No. 1:18-CV-1554 |
| Petitioner | ) Judge Dan Aaron Polster |
| v. | ) **OPINION AND ORDER** |
| WARDEN DAVE MARQUIS, | ) |
| Respondent. | ) |

This case is before the Court on the Report and Recommendation ("R & R") of Magistrate Judge Kathleen B. Burke, Doc #: 27. The Magistrate Judge recommends that the Court dismiss Petitioner Adrian Ayer's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody, Doc. #: 1, deny Ayer's Motion for Partial Summary Judgment, Doc #: 5, his Motion for Leave to Supplement his Petition, Doc #: 21, and his Motion to Compel the Production of Documents, Doc #: 16. The Magistrate Judge also recommends that the Court strike Ayer's Amended Petition, Doc #: 23, from the docket. On April 15, 2019, Ayers timely filed Objections to Judge Burke's R & R. Doc #: 29. The Court has carefully reviewed the R & R and Ayer's Objections, and hereby **OVERRULES** Ayers's Objections and **ADOPTS** the R & R in full. Ayer's Motion for Partial Summary Judgment, Motion for Leave to Supplement his Petition, and Motion to Compel the Production of Documents are hereby **DENIED**. Ayer's Amended Petition is hereby **STRICKEN** from the docket. Lastly, Ayer's Petition is **DISMISSED WITH PREJUDICE**.

Ayers is currently incarcerated at the Richland Correctional Institution, having been found guilty of 11 counts of money laundering, 10 counts of telecommunications fraud, 3 counts of theft, 1 court of misuse of credit cards, 1 court of forgery, and 3 counts of identity fraud. *State v. Ayers*, Cuyahoga County Court of Common Pleas Case No. CR-16-607500-A. Ayer filed his habeas corpus petition on July 9, 2018, asserting two grounds for relief: (1) notice received 25 days after filing deadline violated Ayer's due process rights to fair notice; and (2) evidence was constitutionally insufficient to support the jury's verdict as to Counts 14, 15, 16, 17, 18, 19, 20, 21, 22, and 27. Doc #: 1. Magistrate Judge Burke concluded that Ground One is not cognizable and Ground Two is procedurally defaulted. Doc #: 27 at 1. The Court has reviewed the record carefully and agrees with Magistrate Judge Burke's conclusions that Ground One is not cognizable and Ground Two is procedurally defaulted.

In his Objections, Ayers re-states the arguments he has previously made in his Petition and Traverse regarding Ground One and then simply makes a conclusory objection to the remainder of Magistrate Judge Burke's findings. Doc #: 29 at 2-4. The Federal Magistrates Act requires a district court to conduct a de novo review of those portions of the R & R to which an objection has been made. 28 U.S.C. § 636(b)(1). However, an Objection to an R & R is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Correctional Inst.*, No. 1:08-CV-00113, 2010 U.S. Dist. LEXIS 70683, at *22, 2010 WL 2794246, at *7 (S.D. Ohio Jul. 14, 2010) (citation omitted); *see Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of

traversing ground already plowed by the magistrate . . . ."); *O'Brien v. Colvin*, No. CIV.A. 12-6690, 2014 WL 4632222, at *3, 2014 U.S. Dist. LEXIS 129179, at *7–8 (E.D. Pa. Sept. 16, 2014) (collecting cases); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."). The Court need not afford de novo review to objections which merely rehash arguments presented to and considered by the magistrate judge. Because Ayer's objections are simple recitations of his previous arguments or are general objections to Magistrate Burke's recommendations, the Court finds Ayer's Objections not well-taken.

Accordingly, the Court **OVERRULES** Petitioner's Objections, Doc #: 29, and **ADOPTS IN FULL** Magistrate Judge Burke's Report and Recommendation, Doc #: 27. The above-captioned case is hereby **DISMISSED AS FINAL**.

**IT IS SO ORDERED.**

    */s/Dan Aaron Polster       April 24, 2019*
**Dan Aaron Polster**
**United States District Judge**